FILED'09 AUG 26 14:9USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS FREDERICK,

            Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                Defendant.

CV-08-6094-TC

FINDINGS &
RECOMMENDATION

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff brings this action for judicial review of a final decision of the Commissioner of

Social Security denying his application for disability insurance benefits under Title II of the

Social Security Act and supplemental security income under Title XVI of the Social Security

Act.

1 - FINDINGS & RECOMMENDATION

Plaintiff is 51 years old. He has a long work history as a longshoreman, groundskeeper and gas station attendant. He has had five back surgeries including fusions and surgeries. Some of those attempted to correct prior failed surgeries. The medical record is extensive and includes numerous references to plaintiff's ongoing pain.

Plaintiff and defendant agree that the ALJ's decision contains numerous errors. Defendant moves the court to remand for further proceedings to correct the errors ( # 36). Plaintiff opposes additional proceedings and seeks a remand for the calculation and immediate award of benefits.

As discussed below, defendant's arguments are not persuasive in this particular action. The District Court should exercise its discretion and remand this matter for the calculation and award of benefits.

## THE FIVE-STEP PROCESS AND ITS APPLICATION BY THE ALJ IN THIS CASE

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability; see 20 C.F.R. § 405.1520(b).

2 - FINDINGS & RECOMMENDATION

At step two, the ALJ found that plaintiff had the following severe impairments: depression, degenerative disc disease of the surgical and lumbar spines and obesity; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to perform light work in which he lifts 10 pounds frequently and 20 pounds occasionally, and stands, walks, or sits for six hours in an eight- hour day , except that he is limited to frequent pushing and pulling with the upper extremities, and should avoid walking on uneven terrain; he is capable of understanding, remembering and carrying out simple tasks, but not detailed ones; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was able to perform his past relevant work as a gas station attendant; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

At step five, based in part upon vocational expert testimony, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy, including work as a counter attendant, packing line worker, and final assembler; see § 416.920(a)(4)(v), 416.920(g).

## APPLICABLE LAW

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by

3 - FINDINGS & RECOMMENDATION

further administrative proceedings or when the record has been fully developed and the evidence

is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763

(9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits

directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such

evidence; (2) there are no outstanding issues that must be resolved before a determination of

disability can be made; and (3) it is clear from the record that the ALJ would be required to find

the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d at 1178 citing

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is

actually a subpart of the second. *See Harman*, 211 F.3d at 1178 n. 7.

In Benecke v. Barnhart, 379 F.3d 587 (9th Cir. 2004), the Ninth Circuit Court of Appeals

stated:

> We now clarify that in the unusual case in which it is clear from
> the record that the claimant is unable to perform gainful
> employment in the national economy, even though the vocational
> expert did not address the precise work limitations established by
> the improperly discredited testimony, remand for an immediate
> award of benefits is appropriate.

Benecke, 379 F.3d at 595.

As discussed below, the present case is one of the unusual cases, and , like in Benecke,

"remanding for further administrative proceedings would serve no useful purpose and would

unnecessarily extend [claimant's] long wait for benefits." See, Id.

## DISCUSSION

Defendant concedes that the ALJ did not provide a reason for rejecting the opinion of

Dr. Brewster regarding plaintiff's limitation of occasional restrictions on pulling, pushing,

grasping and reaching.

Defendant also concedes that the ALJ 's reasoning to reject the testimony of plaintiff's wife

was not germane. As noted by defendant:

> She stated that plaintiff has to rest a lot. She said that the more he
> does, the more he has to rest. She said that he can only do
> activities ten to fifteen minutes at a time and then has to rest due to
> pain.

Defendant's Memo at 8.

Under <u>Harmon, supra, Smolen, supra,</u> and <u>Benecke, supra,</u> the improperly rejected evidence

set forth above should be credited, and, as there are no outstanding issues that must be resolved,

benefits should be directed. Even though the vocational expert was not presented with the above

limitations, it is clear from the record that a person with the above limitations could not hold

down the jobs the ALJ listed as they require more pushing, pulling, grasping and reaching than

plaintiff's can perform . Holding down any full time job would not be possible for someone who

needs pain related rest after ten minutes of activity.

All of defendant's arguments for a remand for further proceedings have been considered by

this court and found unpersuasive.

As stated in <u>Benecke</u>,

> Allowing the Commissioner to decide the issue again would create
> an unfair 'heads we win; tails, let's play again' system of disability
> benefits adjudication..... Requiring remand for further proceedings

5 - FINDINGS & RECOMMENDATION

> any time the vocational expert did not answer a hypothetical
> question addressing the precise limitations established ... would
> contribute to waste and delay and would provide no incentive to
> the ALJ to fulfill her obligation to develop the record.

Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004). See also, Moisa v. Barnhart, 367 F.3d

882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have

another opportunity ... any more than Moisa, had he lost, should have an opportunity for remand

for further proceedings ...").

For the reasons discussed above, the District Court should exercise its discretion to remand

for the calculation and award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for remand ( # 36) for further

proceedings should be denied. The Commissioner's decision should be reversed and remanded

pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

DATED this 26 day of August, 2009.

Thomas M. Coffin

United States Magistrate Judge

6 - FINDINGS & RECOMMENDATION